# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

_____

### No. ACM S32550 (f rev)

_____

### UNITED STATES
*Appellee*

**v.**

### Micheal W. ROBINSON

Staff Sergeant (E-5), U.S. Air Force, *Appellant*

_____

Appeal from the United States Air Force Trial Judiciary

*Upon Further Review*

Decided 19 January 2022

_____

*Military Judge:* Thomas J. Alford.

*Approved sentence:* Bad-conduct discharge, confinement for 5 months, forfeiture of $1,092.00 pay per month for 5 months, reduction to E-1, and a reprimand. Sentence adjudged 6 September 2018 by SpCM convened at Keesler Air Force Base, Mississippi.

*For Appellant:* Captain David L. Bosner, USAF.

*For Appellee:* Major Jessica L. Delaney, USAF; Mary Ellen Payne, Esquire.

Before LEWIS, ANNEXSTAD, and OWEN, Appellate Military Judges.

_____

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 30.4.**

_____

PER CURIAM:

This case is before this court a third time for our review, having been twice previously returned to The Judge Advocate General—on 9 March 2020 and 31 August 2020, respectively—for remand to the convening authority to correct various errors in both the convening authority's action and the court-martial order (CMO).

Appellant was convicted at a special court-martial on 6 September 2018, and sentenced to a bad-conduct discharge, confinement for five months, forfeiture of $1,092.00 pay per month for five months, reduction to the grade of E-1, and a reprimand. On 26 October 2018, the convening authority approved the sentence as adjudged.

On 9 March 2020, we issued our initial opinion in Appellant's case, concluding the approved findings and sentence were correct in law and fact and no error materially prejudicial to the substantial rights of Appellant occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c).[1] Accordingly, we affirmed the findings and sentence. *United States v. Robinson*, No. ACM S32550, 2020 CCA LEXIS 76 (A.F. Ct. Crim. App. 9 Mar. 2020) (unpub. op.). However, we also concluded the convening authority's action was incomplete because it omitted mention of illegal pretrial confinement credit ordered by the military judge, as required by Rule for Courts-Martial (R.C.M.) 1107(f)(4)(F). Accordingly, we returned the record of trial to The Judge Advocate General for remand to the convening authority to withdraw the incomplete action, substitute a corrected action, issue a corrected CMO, and then return the record of trial to this court for completion of appellate review in accordance with Article 66, UCMJ, 10 U.S.C. § 866. *Robinson*, 2020 CCA LEXIS 76, at *5.

On 22 April 2020, the record of trial was returned to this court with a corrected action and a corrected CMO, identified as Special Court-Martial Order Number 1 (SPCMO No. 1); however, the corrected action was undated and indicated, "the bad conduct discharge will be executed." The same language about the bad-conduct discharge being executed also appeared in SPCMO No. 1. Due to the prohibition in R.C.M. 1113(c)(1)(B) against execution of a bad-conduct discharge until after a final judgment is rendered in accordance with R.C.M. 1209, as well as the guidance in Appendix 16 to the *Manual for Courts-Martial* that "the date of action" be included on the action, we once again returned the record of trial to The Judge Advocate General on 31 August 2020 for remand to the convening authority to withdraw the erroneous action, substitute a corrected action, and issue a corrected CMO. *United States v. Robinson*, No. ACM S32550 (f rev), 2020 CCA LEXIS 306, at *2 (A.F. Ct. Crim. App. 31 Aug. 2020) (order).

On 18 September 2020, the convening authority withdrew the 3 April 2020 action, rescinded SPCMO No. 1, and substituted a new action. The convening authority personally signed the new action and the convening authority's staff judge advocate signed the new CMO (SPCMO No. 2) with the notation, "FOR THE COMMANDER," above the staff judge advocate's signature block. On 9

---

[1] Unless otherwise specified, references to the UCMJ and the Rules for Courts-Martial are to the *Manual for Courts-Martial*, *United States* (2016 ed.).

October 2020, the case was once again re-docketed with this court with a corrected action and SPCMO No. 2.

On 2 November 2020, Appellant filed a supplemental brief with this court and raised two additional issues for our consideration: (1) whether the convening authority's failure to personally sign SPCMO No. 2 again necessitates return of the record of trial to the convening authority for correction, and (2) whether Appellant is entitled to sentence relief due to unreasonable post-trial delay. Having reviewed the convening authority's corrected action and SPCMO No. 2, we find that the corrections comply with our previous order. Furthermore, finding no error that materially prejudiced Appellant's substantial rights, we decline to grant Appellant sentence relief.

## I. DISCUSSION

### A. Court-Martial Order

Appellant contends SPCMO No. 2 is a "supplementary order" for purposes of R.C.M. 1114 and must therefore be signed personally by the convening authority. *See* R.C.M. 1114(b)(2). Since SPCMO No. 2 was signed by the convening authority's staff judge advocate rather than personally by the convening authority, Appellant urges this court to once again return the record of trial to The Judge Advocate General for remand to the convening authority to issue a corrected CMO. The Government contends SPCMO No. 2 is not a supplementary order, but rather a corrected version of the original CMO which this court previously ordered withdrawn and re-issued. As a result, the order can be authenticated by a competent authority other than the convening authority. *See* R.C.M. 1114(e). We agree with the Government.

#### 1. Law

Proper completion of post-trial processing is a question of law this court reviews de novo. *United States v. Zegarrundo*, 77 M.J. 612, 613 (A.F. Ct. Crim. App. 2018) (citation omitted). Because they are matters of law, we also review, de novo, interpretation of provisions of the Rules for Courts-Martial. *United States v. Hunter*, 65 M.J. 399, 401 (C.A.A.F. 2008) (citation omitted).

The preparation, issuance, and distribution of orders promulgating the result of trial and the actions of the convening authority with regard thereto are governed by R.C.M. 1114. The rule permits the Service Secretaries to issue rules which need not conform to the R.C.M. *See* R.C.M. 1114(a)(1).

The Secretary of the Air Force has directed that Attachment 12 of Air Force Instruction (AFI) 51-201, *Administration of Military Justice* (18 Jan. 2019),[2] is

---

[2] This was the then-current version of the AFI at the time we last remanded the case on 31 August 2020.

the sole authority for the publication of court-martial orders. *Id.* ¶ A12.3. In the Air Force, "[a] court-martial order is used to promulgate the result of trial and action by the convening authority (initial action), and any subsequent action the convening authority or higher authorities take on a case after the initial action (supplementary orders), including the final order." *Id.* ¶ A12.1. The AFI permits the authority issuing the court-martial order to either sign it personally or delegate that authority to a representative not below the grade of Master Sergeant (E-7); however, the convening authority must personally sign "a supplemental order that comprises an action subsequent to the initial action." *Id.* ¶ A12.4. Examples of such actions include those that "suspend or remit a sentence (R.C.M. 1108), vacate an earlier suspension (R.C.M. 1109), terminate deferment (R.C.M. 1101(c)(7)), and take final action." *Id.* ¶ A12.9. In any case where the convening authority withdraws an action and substitutes a new one, the AFI directs that a new court-martial order is to be prepared, rescinding the initial order. *Id.* ¶ A12.10.2.

### 2. Analysis

We find Appellant's contention that SPCMO No. 2 constitutes a "supplementary order" for purposes of R.C.M. 1114 to be without merit. Pursuant to this court's 31 August 2020 order, SPCMO No. 2 reflects the fact that Appellant's convening authority withdrew her prior erroneous action, substituted a corrected action, and rescinded SPCMO No. 1. Likewise, pursuant to this court's 9 March 2020 opinion, SPCMO No. 1 indicates the initial action was withdrawn and the initial CMO, dated 26 October 2018, was rescinded. Therefore, both SPCMO No. 1 and SPCMO No. 2 constitute no more than court-ordered corrections to the initial action and CMO. They do not involve any action by the convening authority on Appellant's case subsequent to the initial action; therefore, they are not supplementary orders for purposes of AFI 51-201 that would require the convening authority's signature.

## B. Post-Trial Processing Delay

Appellant asks this court to grant him sentence relief for excessive post-trial delay resulting from repeated post-trial processing errors in the convening authority's action, or the CMO, or both. Specifically, he requests either disapproval of his bad-conduct discharge or disapproval of his reduction in grade. In making this request, Appellant is not asserting a due process violation based on actual prejudice under *United States v. Moreno*, 63 M.J. 129 (C.A.A.F. 2006). Rather, he requests sentence relief under *United States v. Tardif*, 57 M.J. 219 (C.A.A.F. 2002).

### 1. Law

"[A] Court of Criminal Appeals has authority under Article 66(c)[, UCMJ, 10 U.S.C. § 866(c),] to grant relief for excessive post-trial delay without a showing of 'actual prejudice' within the meaning of Article 59(a)[, UCMJ, 10 U.S.C. § 859(a),] if it deems relief appropriate under the circumstances." *Id.* at 224 (citations omitted).

The following factors are to be considered to determine if relief under *Tardif* is appropriate:

> 1. How long did the delay exceed the standards set forth in [*Moreno*]?
>
> 2. What reasons, if any, has the government set forth for the delay? Is there any evidence of bad faith or gross indifference to the overall post-trial processing of this case?
>
> 3. Keeping in mind that our goal under *Tardif* is not to analyze for prejudice, is there nonetheless some evidence of harm (either to the appellant or institutionally) caused by the delay?
>
> 4. Has the delay lessened the disciplinary effect of any particular aspect of the sentence, and is relief consistent with the dual goals of justice and good order and discipline?
>
> 5. Is there any evidence of institutional neglect concerning timely post-trial processing, either across the service or at a particular installation?
>
> 6. Given the passage of time, can this court provide meaningful relief in this particular situation?

*United States v. Gay*, 74 M.J. 736, 744 (A.F. Ct. Crim. App. 2015), *aff'd*, 75 M.J. 264 (C.A.A.F. 2016). In our consideration of the above factors, "no single factor [is] dispositive, and a given case may reveal other appropriate considerations for this court in deciding whether post-trial delay has rendered an appellant's sentence inappropriate." *Id.* (footnote omitted).

### 2. Analysis

As a preliminary matter, we note that both the findings and the sentence in Appellant's court-martial were affirmed by this court on 9 March 2020, leaving unsettled only the matter of corrections to both the convening authority's faulty action and the incorrect CMO. *Robinson*, 2020 CCA LEXIS 76, at *4–5. Assuming, *arguendo*, this court possesses the authority to grant sentence relief with regard to a sentence it previously affirmed, we would decline to do so under the circumstances here.

With regard to the *Gay* factors, Appellant notes that 238 days elapsed between this court originally remanding the case for correction on 9 March 2020 and the date Appellant filed his supplemental assignments of error brief. Appellant acknowledges that the post-trial processing standards set forth in *Moreno* do not address periods between remands by Courts of Criminal Appeals; however, he urges this court to apply the 120-day standard our superior court established for the period from sentence to convening authority action as "an appropriate comparison." Appellant suggests that the Government's repeated errors in producing the action and CMO "demonstrate[ ] gross indifference to accomplishing its duties competently." Appellant claims that as a result, "anyone in [his] position would experience stress and mental anguish over the unreasonably prolonged uncertainty about the finalization of their case."

The Government urges this court to deny Appellant's requested relief. The Government notes that the record was returned to the court 44 days after our 9 March 2020 remand and 39 days after our 31 August 2020 remand, for a total of 83 days attributable to the Government's attempts to correct post-trial errors. The remainder of the delay, according to the Government, is attributable to this court's Rules of Practice and Procedure and the time allotted to the parties to file and respond to assignments of error.

After considering the factors enumerated in *Gay*, we conclude that sentence relief is not warranted. On the whole, the processing of Appellant's case has not been subjected to excessive post-trial delay. The fact that both the findings and sentence in Appellant's court-martial were affirmed on 9 March 2020 left no doubt as to the disposition of his case on appeal. Therefore, we perceive no substantial harm to Appellant, prejudice to the interests of justice or discipline, or erosion of this court's ability to ensure the convening authority's substituted corrected action dated 18 September 2020 and SPCMO No. 2 comply with the Rules for Court-Martial.

We have considered whether relief is appropriate under the circumstances for excessive post-trial delay without a showing of prejudice under our Article 66(c), UCMJ, 10 U.S.C. § 866(c), authority. *See Tardif*, 57 M.J. at 224 (citation omitted). Considering all the facts and circumstances, and applying the factors articulated in *Gay*, we decline to do so. *See id*; *Gay*, 74 M.J. at 744.

We also considered Appellant's demand for speedy appellate review filed in his supplemental assignments of error brief and find that he received a timely, full and fair review of his findings and sentence. *See United States v. Arriaga*, 70 M.J. 51, 55–56 (C.A.A.F. 2011).

## II. CONCLUSION

The findings and sentence were previously affirmed. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c). Upon further review, the substituted

corrected action and corrected CMO comply with our previous order and no error materially prejudicial to the substantial rights of Appellant occurred.



FOR THE COURT

CAROL K. JOYCE
Clerk of the Court